IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Elgene Luzon De-Amor, | ) | CIVIL NO. 21-00419 SOM-KJM |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING COMPLAINT;** |
| | ) | **ORDER DENYING AS MOOT** |
| | ) | **APPLICATION TO PROCEED IN** |
| vs. | ) | **FORMA PAUPERIS** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT
APPLICATION TO PROCEED IN FORMA PAUPERIS**

On October 20, 2021, Plaintiff Elgene Luzon De-Amor, proceeding *pro se*, filed a Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). *See* ECF Nos. 1 & 2.

To proceed *in forma pauperis*, De-Amor must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims.[1] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Even if De-Amor could demonstrate that she cannot afford to prepay the costs of initiating this action, this court may dismiss her Complaint at the outset if it appears

---

[1] The court notes that it is not clear that De-Amor is indeed a pauper. *See* January 2021 Poverty Guidelines for Hawaii, https://aspe.hhs.gov/poverty-guidelines (last visited October 21, 2021) (setting poverty guideline for one person in Hawaii at $14,820). De-Amor says she receives $1,746 per month from the Social Security Administration, or $20,952 per year. While the court understands the difficulty of making ends meet in Hawaii on that income, it appears that De-Amor exceeds the poverty guideline for Hawaii.

from the facts alleged that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or that the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). De-Amor's Complaint fails to state a claim on which the court can grant relief; indeed, De-Amor fails to even identify the defendants that she wishes to proceed against. The Complaint is therefore dismissed, and the IFP Application is denied as moot.

The Complaint is, for the most part, incoherent and unintelligible, with no identifiable causes of action. To the extent that this court can decipher De-Amor's handwriting, it appears that she is seeking to "break all ties of [her] true marriage" and have that marriage "be ended in actual law." ECF No. 1, PageID # 4. De-Amor also seeks "true spousal support and living support," among other things. *Id.*

Those allegations are insufficient to survive dismissal, for at least two reasons. First, the federal courts only have jurisdiction over cases and controversies. And "it is elemental that there must be parties before there is a case or controversy." *Ellis v. Dyson*, 421 U.S. 426, 434 (1975). More specifically, there must be *two* parties who are in an adversarial posture. *Matter of S. L. E. Inc.*, 674 F.2d 359, 364 (5th Cir. 1982) ("All models of cases and controversies assume

the presence of at least two genuinely adversary parties."). The Complaint does not satisfy that basic requirement. De-Amor has not named any defendant in this action, and this court cannot identify any from what the complaint does say. De-Amor therefore has failed to invoke this court's jurisdiction.

Second, the Complaint does not identify any basis for federal jurisdiction. Federal courts can only hear cases if there is either diversity of citizenship plus more than $75,000 in controversy, or a federal claim asserted. *See* 28 U.S.C. §§ 1331-32. This court cannot discern any basis for federal jurisdiction from the allegations in the complaint.

Because De-Amor fails to allege any viable claim over which this court has subject matter jurisdiction, this court dismisses her complaint, but grants her leave to file an Amended Complaint no later than November 23, 2021. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court. The court provides some guidance to De-Amor should she decide to file an Amended Complaint.

First, De-Amor should attempt to write as legibly as possible. If this court cannot read De-Amor's writing, important information may be missed.

Second, De-Amor should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, De-Amor

should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.

Third, although De-Amor purports to bring claims on behalf of her children, she does not appear to be an attorney who may represent those people in this matter. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)).

Finally, should De-Amor fail to timely file an Amended Complaint by November 23, 2021, the Clerk of Court is directed to automatically close this case.

If De-Amor timely files an Amended Complaint, that document should be accompanied by either payment of the filing fee of $402.00, or a new IFP application that more clearly establishes her pauper status.

The Clerk of Court is directed to send De-Amor this order, along with two copies of the court's form § 1983 complaint plus a new copy of the IFP Application form.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 2, 2021.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*In re De-Amor*, Civ. No. 21-00419 SOM-KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS